UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANNE BLECK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAXTER HEALTHCARE<br>CORPORATION,<br><br>　　　　Defendant. | Case No. **FILED: APRIL 8, 2008**<br>**08CV1992    TG**<br>Judge **JUDGE HART**<br>**MAGISTRATE JUDGE KEYS**<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Joanne Bleck ("Bleck") by her attorneys Williams, Bax & Saltzman, P.C. complains against Defendant Baxter Healthcare Corporation ("Baxter") and states as follows:

### NATURE OF THE ACTION

1. This Complaint presents claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"), for discrimination on the basis of sex and for retaliation.

### JURISDICTION AND VENUE

2. This court has original jurisdiction of this civil action in that the claims presented arise under the Constitution and the laws of the United States. 28 U.S.C. § 1331 and § 1343.

3. Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, Charge Number 440-2007-07715. The filing of this Charge resulted in the issuance of a Notice of Right to Sue for discrimination under Title VII. A true and correct copy of the Charge and Notice are attached hereto as Exhibit A.

4. Venue is proper in this court because all of the events at issue occurred in this judicial district.

## PARTIES

5. At all times relevant, Plaintiff Bleck was a resident of Libertyville, Illinois.

6. Defendant Baxter is located at One Baxter Parkway, Deerfield, IL 60015 and is an employer within the meaning of Title VII.

## FACTUAL ALLEGATIONS

7. Plaintiff Bleck was employed with Baxter for 25 years. Her last position with Baxter was Account Executive for Baxter's Renal Division.

8. Plaintiff Bleck was the only female Account Executive in her region and in her area. In fact, Bleck was one of the few female Account Executives that Baxter's Renal Division employed nationwide.

9. In August of 2006, John Gibbons became Bleck's Regional Manager.

10. John Gibbons treated Bleck differently than he treated male Account Executives. This differential treatment included, but was not limited to: holding Bleck to higher sales standards than male Account Executives; excluding Bleck from meetings and the decision making process with regards to her accounts; belittling and demeaning Bleck in front of her colleagues; and attempting to reassign Bleck's accounts to male Account Executives.

11. Bleck complained about the disparate treatment to Baxter's Human Resource Department on numerous occasions. Despite her complaints, Baxter took no action to address the conduct.

12. On or about April of 2007, Baxter terminated Bleck.

13. Baxter provided two conflicting reasons for Bleck's termination. First, Bleck was told that her sales figures were not high enough. Second, Bleck was told that she was terminated because she had "skill gaps.'

14. Both of these proffered reasons for Bleck's termination are pretextual. Bleck's sales figures were higher than similarly situated male Account Executives. Also, in her 25 years of employment with Baxter, Bleck was never informed that she had perceived "skill gaps."

## COUNT I
## DISCRIMINATION

15. Plaintiff adopts and realleges paragraphs 1 through 14 of this Complaint as if fully set forth herein in paragraph 15.

16. While employed with Defendant Baxter, Plaintiff was subject to harassment, discrimination, and ultimately was terminated, because she is a female.

17. By engaging in the foregoing conduct, Baxter is in violation of Title VII.

## COUNT II
## RETALIATION

18. Plaintiff adopts and realleges paragraphs 1 through 14 of this Complaint as if fully set forth herein in paragraph 18.

19. Plaintiff was wrongfully retaliated against and terminated by Defendant Baxter because she complained to the Human Resource Department of John Gibbons' discriminatory treatment of her.

20. By engaging in the foregoing conduct, Baxter is in violation of Title VII.

### PRAYER FOR RELIEF

Plaintiff prays for judgment in her favor and against the Defendant and also requests the following relief:

(a) Defendant Baxter be permanently enjoined from engaging in any employment policy or practice which discriminates against any employee or applicant for employment on the basis of sex.

(b) Defendant Baxter be permanently enjoined from engaging in any employment policy or practice which retaliates against any employee for engaging in protected activity.

(c) Defendant Baxter be order to pay Plaintiff lost wages and lost benefits as a result of defendant's unlawful conduct;

(d) Defendant Baxter be ordered to pay Plaintiff compensatory and punitive damages as a result of defendant's unlawful conduct;

(e) Defendant Baxter be ordered to pay Plaintiff's costs and attorneys fees associated with this lawsuit, and

(f) That such additional relief be awarded as the court considers just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

**JOANNE BLECK**

By: _____
One of Her Attorneys

Kerry E. Saltzman (ARDC #6191194)
David. J. Strubbe (ARDC # 6293899)
WILLIAMS, BAX & SALTZMAN, P.C.
20 North Wacker Drive
Suite 3230
Chicago, IL 60606
Phone: (312) 372-3311

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

_____ State or local Agency, if any _____ and EEOC

| Name (Indicate Mr., Ms., Mrs.) | | Date of Birth |
|---|---|---|
| Ms. Joanne M. Bleck | | |
| Street Address | City, State and ZIP Code | |
| 511 Broadway Street | Libertyville, IL 60048 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Baxter Healthcare Corp. | 50+ | |
| Street Address | City, State and ZIP Code | |
| One Baxter Parkway | Deerfield, IL 60015 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest          Latest<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Attached.

08CV1992                    TG
JUDGE HART
MAGISTRATE JUDGE KEYS

RECEIVED EEOC
SEP 0 [?] 200[?]
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/4/07     Joanne M Bleck
Date       Charging Party Signature

NOTARY - When necessary for State or local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

## ATTACHMENT TO EEOC CHARGE

1. I am a Female. I was employed at Baxter Healthcare Corporation ("Baxter") for 25 years. My last position with Baxter was as an Account Executive for Baxter's Renal Division.

2. I was the only female Account Executive in my region and in my area. I was also one of only a handful of female Account Executives that Baxter's Renal Division employed nationwide.

3. In August 2006, John Gibbons became my Regional Manager. While Gibbons was my Manager, he treated me differently than he treated male Account Executives. Among other things, Gibbons held me to higher sales standard than male Account Executives. He also excluded me from meetings and key decisions affecting my accounts. He belittled and demeaned me in front of my colleagues and he tried to replace me as Account Executive with male Account Executives on accounts that are in my assigned territory.

4. Although I complained to Baxter's Human Resource Department about Gibbons' discriminatory treatment, nothing was done.

5. In early April 2007, Baxter terminated me. Baxter gave conflicting reasons for my termination. First, I was told that my sales figures were not high enough. Then, I was told that I was terminated because I had "skill gaps." Neither of these reasons makes sense. In my 25 years with Baxter, I was never told that I had perceived "skill gaps." Moreover, my sales figures were higher than similarly situated male Account Executives who were not terminated.

6. I believe the real reason that I was terminated was based on unlawful discrimination and/or because I complained about that discrimination.

7. A class of other similarly situated female employees has been and is being discriminated against because of their gender with respect to their terms and conditions of employment and by having been wrongfully discharged from their employment at Baxter. This charge of discrimination is being brought on behalf of a class of other similarly situated employees who likewise have been adversely discriminated against by Baxter.



RECEIVED EEOC

SEP 18 2007

CHICAGO DISTRICT OFC