**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOANNE BLECK, ) | |
| ) | |
| Plaintiff, ) | Case No. 08CV1992 |
| ) | |
| v. ) | Judge Hart |
| ) | |
| BAXTER HEALTHCARE CORPORATION, ) | Magistrate Judge Keys |
| ) | |
| Defendant. ) | |
| ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant BAXTER HEALTHCARE CORPORATION, by and through its attorneys, and for its Answer and Affirmative Defenses to the Complaint, states as follows:

**COMPLAINT ¶ NO. 1:**

This Complaint presents claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"), for discrimination on the basis of sex and for retaliation.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 1 of the Complaint except that it denies that it engaged in any unlawful conduct.

**JURISDICTION AND VENUE**

**COMPLAINT ¶ NO. 2:**

This court has original jurisdiction of this civil action in that the claims presented arise under the Constitution and the laws of the United States. 28 U.S.C. § 1331 and § 1343.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**COMPLAINT ¶ NO. 3:**

Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission. Charge Number 440-2007-07715. The filing of this Charge resulted

in the issuance of a Notice of Right to Sue for discrimination under Title VII.  A true and correct copy of the Charge and Notice are attached hereto as Exhibit A.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 3 of the Complaint except that Defendant denies Plaintiff has complied fully with all administrative prerequisites of Title VII.

**COMPLAINT ¶ NO. 4:**

Venue is proper in this court because all of the events at issue occurred in this judicial district.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

**COMPLAINT ¶ NO. 5:**

At all times relevant, Plaintiff Bleck was a resident of Libertyville, Illinois.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶ NO. 6:**

Defendant Baxter is located at One Baxter Parkway, Deerfield, IL 60015 and is an employer within the meaning of Title VII.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶ NO. 7:**

Plaintiff Bleck was employed with Baxter for 25 years.  Her last position with Baxter was Account Executive for Baxter's Renal Division.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 7 of the Complaint.

**COMPLAINT ¶ NO. 8:**

Plaintiff Bleck was the only female Account Executive in her region and in her area. In fact, Bleck was one of the few female Account Executives that Baxter's Renal Division employed nationwide.

**ANSWER:**

Defendant admits that Bleck was the only female Account Executive in her region.

Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

**COMPLAINT ¶ NO. 9:**

In August of 2006, John Gibbons became Bleck's Regional Manager.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶ NO. 10:**

John Gibbons treated Bleck differently than he treated male Account Executives. This differential treatment included, but was not limited to: holding Bleck to higher sales standards than male Account Executives; excluding Bleck from meetings and the decision making process with regards to her accounts; belittling and demeaning Bleck in front of her colleagues; and attempting to reassign Bleck's accounts to male Account Executives.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

**COMPLAINT ¶ NO. 11:**

Bleck complained about the disparate treatment to Baxter's Human Resource Department an numerous occasions. Despite her complaints, Baxter took no action to address the conduct.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶ NO. 12:**

On or about April of 2007, Baxter terminated Bleck.

**ANSWER:**

Defendant admits the allegation contained in Paragraph 12 of the Complaint.

**COMPLAINT ¶ NO. 13:**

Baxter provided two conflicting reasons for Bleck's termination. First, Bleck was told that her sales figures were not high enough. Second, Bleck was told that she was terminated because she had "skill gaps."

**ANSWER:**

Defendant admits that Plaintiff was told that she was terminated for lack of skills and failure to meet sales goals but denies that these are conflicting reasons and denies the remaining allegations contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶ NO. 14:**

Both of these proffered reasons for Bleck's termination are pretextual. Bleck's sales figures were higher than similarly situated male Account Executives. Also, in her 25 years of employment with Baxter, Bleck was never informed that she had perceived "skill gaps."

**ANSWER:**

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

### COUNT I

**COMPLAINT ¶ NO. 15:**

Plaintiff adopts and realleges paragraphs 1 through 14 of this Complaint as if fully set forth herein in paragraph 15.

**ANSWER:**

Defendant adopts and realleges its answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein for its answer to Paragraph 15 of the Complaint.

**COMPLAINT ¶ NO. 16:**

While employed with Defendant Baxter, Plaintiff was subject to harassment, discrimination, and ultimately was terminated, because she is a female.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶ NO. 17:**

By engaging in the foregoing conduct, Baxter is in violation of Title VII.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT II

**COMPLAINT ¶ NO. 18:**

Plaintiff adopts and realleges paragraphs 1 through 14 of this Complaint as if fully set forth herein in paragraph 18.

**ANSWER:**

Defendant adopts and realleges its answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein for its answer to Paragraph 18 of the Complaint.

**COMPLAINT ¶ NO. 19:**

Plaintiff was wrongfully retaliated against and terminated by Defendant Baxter because she complained to the Human Resource Department of John Gibbons' discriminatory treatment of her.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶ NO. 20:**

By engaging in the foregoing conduct, Baxter is in violation of Title VII.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff cannot recover more than the statutory maximum of $300,000 for both compensatory and punitive damages for both her Title VII claims.

### Second Affirmative Defense

To the extent that Plaintiff has failed to make reasonable efforts to mitigate any damages allegedly resulting from Defendant's conduct, Plaintiff's claim for damages is barred, or should be offset to the extent of any interim earnings.

### Third Affirmative Defense

All or part of Plaintiff's claim for punitive damages is barred under Title VII because Defendant has complied with and/or made good faith efforts to comply with Title VII.

### Fourth Affirmative Defense

Plaintiff's claims are barred to the extent that they exceed the scope of her charge.

### Fifth Affirmative Defense

To the extent that Plaintiff has failed to meet the statutory and/or jurisdictional prerequisites to suit, her claims are barred.

### Sixth Affirmative Defense

To the extent Plaintiff's claims are based on events that occurred more than 300 days before she filed her discrimination charge, they are time barred.

### Seventh Affirmative Defense

Defendant is not liable for any allegedly harassing conduct toward Plaintiff because Defendant exercised reasonable care to prevent and promptly correct any alleged sexually harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to otherwise avoid harm.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever and requests that the Complaint be dismissed in its entirety with prejudice, that judgment be entered for Defendant, and that Defendant be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**DATED: June 9, 2008**                    Respectfully submitted,

                                                        BAXTER HEALTHCARE CORPORATION

                                                        By      s/Ada W. Dolph
                                                                 One of Its Attorneys

Ellen E. McLaughlin    emclaughlin@seyfarth.com
Ada W. Dolph              adolph@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

  I, Ada W. Dolph, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT to be served upon the following, by the Court's electronic case filing (ECF) system on this 9th day of June, 2008:

> Kerry E. Saltzman
> David J. Strubbe
> WILLIAMS, BAX & SALTZMAN, P.C.
> 20 North Wacker Drive
> Suite 3230
> Chicago, IL  60606
> (312) 372-3311

                 s/Ada W. Dolph